IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **SONRAI MEMORY LIMITED,**<br>　　　　**Plaintiff,**<br><br>　　v.<br><br>**GOOGLE LLC,**<br>　　　　**Defendant.** | 6:21-cv-00167-ADA |

### ORDER RECONSIDERING, ALTERING, AND AMENDING THE ORDER DEYING GOOGLE LLC'S OPPOSED MOTION TO STAY PENDING FINAL RESOLUTION OF PLAINTIFF'S MANUFACTURER LAWSUIT [ECF NO. 49]

Under Federal Rule of Civil Procedure 52, this Court "is free to reconsider and reverse its decision" in an interlocutory order "for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990). The Court will, in view of new representations by Defendant Google LLC, exercise that discretion here to reconsider and vacate its order at ECF No. 49 denying Google's requested stay (the "Original Order").

### I. DISCUSSION

Plaintiff Sonrai Memory Limited is prosecuting eight patent infringement actions, all of which are before this Court. Sonrai is suing entities the Court will refer to as "the Manufacturers": Kioxia Corporation and Kioxia America, Inc. (collectively, "Kioxia"); Western Digital Technologies, Inc. ("Western Digital"); and Samsung Electronics Co., Ltd. ("SEC"). It is also suing several entities the Court will refer to as "the Customers": SEC and Samsung Electronics America, Inc. (collectively "Samsung");[1] Google LLC; LG Electronics Inc. and LG Electronics

---

[1] SEC is both a Customer Defendant, because it manufactures and sells downstream products that incorporate the Accused Kioxia and Western Digital Chip," and a Manufacturer Defendant,

1

U.S.A., Inc. (collectively, "LG"); Dell Technologies Inc.; Apple Inc.; Kingston Technology Company, Inc. and Kingston Technology Corporation (collectively, "Kingston"); and Amazon.com, Inc.

Sonrai initiated suit against Kioxia, No. 6:21-cv-00400-ADA (the "Kioxia Action"), Western Digital, No. 6:21-cv-01168 (the "Western Digital Action"), and Samsung, No. 6:21-cv-00169-ADA (the "Samsung Action) (collectively the "Manufacturer Actions"). Sonrai initiated suit against Google, LG, 6:21-cv-00168 (the "LG Action"), Dell (the "Dell Action"), Apple (the "Apple Action"), Kingston (the "Kingston Action"), and Amazon, No. 6:21-cv-00991 (the "Amazon Action") (collectively, the "Customer Actions"). In each case, Sonrai is accusing NAND flash memory chips of infringing certain Sonrai patents. One such chip is the SanDisk/Toshiba 64L 3D NAND flash chip with the die identifier FRN1256G. The Court will refer to this chip as the "Accused Kioxia and Western Digital Chip" because Kioxia Corporation and Western Digital co-designed it. Another is a NAND flash memory with package marking SEC 110 BOE1 KLUDG4UHDC SD3P300B. The Court will refer to this chip as the "Accused Samsung Chip" because SEC designed it.

Google joined an Omnibus Motion filed by all the Customers, ECF No. 32, to request that certain infringement claims against it be severed from this Action and stayed pending resolution of the relevant Manufacturer Actions pursuant to the customer-suit exception.

In the Kioxia Action, Sonrai alleges that Kioxia infringes U.S. Patent Nos. 6,724,241 (the "'241 patent") and 7,436,232 (the "'232 patent") by commercializing the Accused Kioxia and Western Digital Chip and downstream products including that chip. In the Western Digital Action,

---

because it also manufactures the Accused Samsung Chip Sonrai separately accuses of infringement.

2

Sonrai alleges that Western Digital infringes the '241 patent and '232 patent by commercializing the Accused Kioxia and Western Digital Chip and downstream products including that chip.

In this Action, Sonrai alleges that Google infringes the '241 patent by commercializing downstream products including the Accused Kioxia and Western Digital Chip. Google requests that the '241 patent claim against it be stayed pending resolution of the Kioxia Action and the Western Digital Action. Omnibus Motion at 20. (Sonrai has also accused Google of infringing the '014 patent; Google requests that that claim be severed. *Id.*) Google agrees to be bound by any infringement determination in the Kioxia Action and the Western Digital Action as to the Accused Kioxia and Western Digital Chips. *Id.* at 15.

On February 23, 2022, the Court issued the Original Order denying Google's requested stay because Google did not agree to be bound by any validity/invalidity determination in the Manufacturer Actions as to the '241 patent. *See* Original Order at 7. Yet the Court granted similar stays requested by LG, Dell, Apple, and Kingston, at least because each agreed to be bound by such validity/invalidity determinations. *See, e.g.*, LG Action, ECF No. 40. On March 18, 2022, counsel for Google contacted the Court's clerk via email, representing that "Google will agree to be bound by any validity or invalidity determination as to the '241 patent in the KIOXIA Manufacturer Action if the Court would stay the Google case as to the '241 patent pending resolution of the KIOXIA Manufacturer Action." Sonrai's counsel opposed Google's renewed request for a stay. On March 23, 2022, the Court inquired as to whether Google is "willing to be bound by any validity or invalidity determination as to the '241 patent in the Western Digital Manufacturer Action." That same day, Counsel for Google responded:

> KIOXIA is the exclusive supplier of the KIOXIA/Toshiba-branded flash memory chips that are accused against Google in this case. *See* Dkt. 32-5 (Decl. of M. Chitlu) at ¶4. Therefore, in this case, Google is only a customer of KIOXIA and is not a customer of Western

Digital. However, to obtain the requested stay, Google will agree to be bound by any validity or invalidity determination as to the '241 patent in both the KIOXIA and Western Digital Manufacturer Actions, on the terms of the original moving defendants.

In this Court's judgment, Google has shown that, like LG, Dell, Apple, and Kingston (and later, Amazon), it too is entitled to a stay. *Accord* LG Action, ECF No. 40; Amazon Action, ECF No. 34.

## II. CONCLUSION

For the foregoing reasons, the Court reconsiders the Original Order at ECF No. 49 in the above-captioned Action. It is therefore **ORDERED** that the Original Order at ECF No. 49 in the above-captioned Action is **VACATED** and **SUPERSEDED** by the Instant Order. It is further **ORDERED** that Sonrai's '241 patent claims against Google (Count I) are severed pursuant to Federal Rule of Civil Procedure 21. That severed action shall be **STAYED** (1) as to Accused Kioxia and Western Digital Chip pending resolution of the Kioxia Action and Western Digital Action. This Action will otherwise proceed.

The Court's Clerk is instructed to:

- **VACATE** ECF No. 49 in this Action;
- **SEVER** Count I, as described in ECF No. 1, from this Action; and
- **STAY** the Severed Action (which should include all the parties at issue in this Action).

SIGNED this 30th day of March, 2022.

                                                  ALAN D ALBRIGHT
                                                  UNITED STATES DISTRICT JUDGE